IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

WILLIAM ALLEN THOMAS                                                              PLAINTIFF

V.                                                          CIVIL ACTION NO. 1:18-CV-217-SA-JMV

COMMISSIONER OF SOCIAL SECURITY                                          DEFENDANT

ORDER AND MEMORANDUM OPINION

Plaintiff William Allen Thomas filed an action in this Court on December 5, 2018 appealing the decision from the Commissioner of Social Security denying his application for social security benefits. Since commencing this action, Thomas failed to comply with a Court Order [3], failed to respond to the Magistrate Judge's Report and Recommendation [4], and otherwise failed to participate in these proceedings. Now before the Court are the Magistrate Judge's Report and Recommendation and a Motion [5] to Dismiss which Thomas' attorney filed based on his inability to contact or communicate with Thomas.

*Procedural History*

On December 5, 2018, Thomas filed a Complaint [1] to review the decision of the Commissioner of Social Security denying his application for social security benefits. Along with the Complaint, Thomas also filed an Application [2] to proceed *in forma pauperis* ("IFP motion"). Thomas did not sign the portion of the application that contains the affidavit attesting to his inability to pay the costs of these proceedings.

On January 2, 2019, the Magistrate Judge issued a Show Cause Order [3] directing Thomas to either sign and file the requisite affidavit or show cause as to why the Court should not deny the IFP motion and dismiss the case within seven days. Thomas failed to comply with the Order. On January 23, 2019, the Magistrate Judge entered a Report and Recommendation [4] recommending

that this Court deny Thomas' IFP motion and dismiss the case unless Thomas showed in objections to the Report and Recommendation that he is entitled either to proceed as a pauper or to some other form of relief. Thomas did not respond to the Report and Recommendation.

On February 7, 2019, Thomas' attorney filed a Motion [5] to Dismiss stating that he made multiple unsuccessful attempts to contact Thomas and that he could no longer effectively represent Thomas or proceed in this action. Thomas' attorney requests the Court dismiss this matter without prejudice.

*Legal Standard*

This Court may dismiss an action if "the plaintiff fails to prosecute or to comply with . . . a court order." FED. R. CIV. P. 41(b). Federal Rule of Civil Procedure 41(b) also authorizes this Court to dismiss such an action "*sua sponte* for failure to prosecute or comply with a court order." *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders.").

*Discussion and Analysis*

In this case, Thomas failed to comply with a Court Order, failed to respond to the Report and Recommendation, and otherwise failed to participate in this action since filing the Complaint. Thomas failed to comply with a Court Order when he failed to sign and file the requisite affidavit within seven days to cure deficiencies in his IFP motion in accordance with the Magistrate Judge's

Show Cause Order [3]. The Magistrate Judge's Report and Recommendation [4] then recommended that this Court deny Thomas' IFP motion and dismiss this case unless Thomas could show in objections to the Report and Recommendation that he is entitled either to proceed as a pauper or to some other form of relief. Again, Thomas did not respond to the Report and Recommendation. As a result, this Court has authority to dismiss Thomas' claim under Federal Rule of Civil Procedure 41(b) due to Thomas' failure to comply with the Show Cause Order, failure to respond to the Report and Recommendation, and failure to otherwise participate in this action since filing the Complaint. *See Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016); *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014).

Given the authority surrounding this issue, Thomas' failure to comply with a Court Order, respond to the Magistrate Judge's Report and Recommendation, or otherwise participate in these proceedings constitutes failure to prosecute his claims. *See Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016); *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014).Therefore, *sua sponte* dismissal under Federal Rule of Civil Procedure 41(b) is appropriate.

*Conclusion*

The Report and Recommendation of the United States Magistrate Judge dated January 23, 2019 is approved and adopted, and the proposed findings of fact and conclusions of law are adopted as the findings of fact and conclusions of law of the Court. In addition, for all the reasons fully explained above, Thomas' claim is DISMISSED without prejudice for failure to prosecute and failure to comply with an Order of the Court.

It is SO ORDERED, on this the 5th day of June, 2019.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE